Herman L. ORKEN and Jeannette B. Orken, Joint Administrators, Appellants,

v.

UNITED STATES of America, Appellee.

No. 12836.

United States Court of Appeals Sixth Circuit.

Dec. 18, 1956.

Ellis K. Macham, Chattanooga, Tenn., (Wilkerson, Meacham & Abshire, Kefauver, Duggan & McDonald, Chattanooga, Tenn., of counsel), for appellants.

Lester S. Jayson, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Melvin Richter, Washington, D. C., John C. Crawford, Jr., U. S. Atty., Chattanooga, Tenn., on the brief), for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

In this action, brought under the Federal Tort Claims Act [28 U.S.C., §§ 1346, 2671 et seq.], the district court sustained the motion of the defendant United States for summary judgment.

The appellants, joint administrators of the estate of Major Orken—a medical officer on active duty with the United States Air Force serving as Commanding Officer of an Air Force dispensary on the Island of Guam—brought the action to recover damages for death by wrongful act. The Major had been assigned to and was occupying with his wife and two children quarters suitable for a married officer at the Air Force Base located on Government property. He and his wife and their two children died as the result of an accident which occurred at 6:45 o'clock on the morning of December 17, 1953. The accident was occasioned by a plane's crashing into the dwelling occupied by the officer and his family. At the time of the fatal crash, Major Orken and his family apparently were still asleep.

The issue is whether the joint administrators of Major Orken can recover under the Federal Tort Claims Act in the circumstances of the case, in the face of the decision of the Supreme Court in Feres v. United States of America, 340 U.S. 135, 136, 71 S.Ct. 153, 95 L.Ed. 152, wherein recovery was denied in a case where a Lieutenant quartered in barracks was killed as the result of injuries sustained through the negligence of a fellow soldier.

In a carefully considered and well-reasoned opinion, United States District Judge Darr held the Feres case to be controlling and found no differentiation in principle between the Feres case and the instant one. Compare United States v. United Services Automobile Ass'n, 8 Cir., 238 F.2d 364. We concur in Judge Darr's reasoning and upon that basis affirm the judgment of the district court.