**Harold L. RICHARDSON**

v.

**The UNITED STATES of America.**

**Civ. A. No. 4202.**

United States District Court
E. D. Virginia,
Norfolk Division.

Jan. 20, 1964.

Harry T. Marshall, Cleveland, Ohio, Wolcott, Wolcott & Payne, Norfolk, Va., for plaintiff.

John W. Winston, Norfolk, Va., Seawell, McCoy, Winston & Dalton, W. T. Mason, Jr., Asst. U. S. Atty., for defendant.

BUTZNER, District Judge.

Harold L. Richardson, a non-commissioned officer of the United States Marine Corps, has brought this suit under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2674, to recover damages for injuries received at the Staff Non-Commissioned Officers Club, Headquarters and Service Battalion, Fleet Marine Force, Atlantic.

Between 9:30 and 10:00 o'clock P.M., June 17, 1962 the plaintiff was in the Club standing near the bar. Another patron, Teddy W. Robertson, an enlisted man in the Navy on week-end liberty, became involved in a dispute with the bartender. Upon instructions from the manager of the Club the bartender took away Robinson's drink and directed him to pay up and leave the Club. Robertson refused. A brief scuffle between the bartender and Robertson took place. Other Club members separated them.

The plaintiff, a member and former president of the Club, spoke to Robertson and walked with him to the door, urging him to leave. Robertson continued using profane language but offered no resistance until they reached the porch steps just outside the Club. There, Robertson grabbed a post. The plaintiff tried to remove him, turned his head momentarily and then found himself at the foot of the steps with Robertson on top of him. Robertson either knocked or shoved the plaintiff down the steps. The plaintiff's arm was broken.

The N.C.O. Club was a non-appropriated fund activity of the United States Marine Corps and was located on government property. As stated in its con-

stitution, it " * * * is organized for the purpose of furnishing refreshments and recreational facilities at reasonable prices and to promote and maintain the well-being, morale, and contentment of eligible members and their guests." The Commanding Officer of the Headquarters and Service Battalion was the honorary president. The Club was operated under the administrative control (and regulations) of the Commanding Officer and subject to Marine Corps regulations. The manager and bartender were marines. The Club was a federal agency. United States v. Holcombe, 277 F.2d 143 (4th Cir.1960).

The house rules require the officers of the Club to request any person guilty of obnoxious conduct to leave the premises. The rules further provided "In case of necessity, officers of the Club may call upon any member(s) present to assist in the enforcement of the aforementioned and it shall be the duty of such member(s) upon being summoned to render such assistance as is necessary to accomplish the foregoing."

At the time the plaintiff received his injuries he was on active service in the Corps. He was not on furlough. The incident occurred Sunday evening. The plaintiff had completed his tour of duty at noon the previous Saturday. He was on week-end liberty and was required to report for duty Monday morning.

The plaintiff was not requested by any officer of the Club to escort Robertson off the premises. He acted because he was a non-commissioned officer in the Marine Corps and he believed it was his duty to do so as a member and former officer of the Club.

All of the persons involved were members of the United States Armed Forces on active duty, engaged in the operation and enjoyment of a recreational facility which was incident to their service.

■■ The Court concludes that the plaintiff was engaged in activity incident to his military service at the time he was injured. Cf. Zoula v. United States, 217 F.2d 81 (5th Cir.1954). Congress, in passing the Federal Tort Claims Act, did not intend to compensate members of the Armed Forces for injuries which arise out of or are in the course of activity incident to military service. Feres v. United States, 340 U.S. 135, 144, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

The Court is not unmindful of Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949). The opinion of the Court of Appeals, 169 F.2d 840 (4th Cir.1948) makes it clear that the "soldiers were on leave or furlough, engaged in their private concerns and not on any business connected with their military service" at the time the car in which they were riding was struck by the negligent driver of an Army truck. The Supreme Court emphasized that recovery was allowed "for injuries not incident to their service." It is these facts that distinguish Brooks from the case at bar.

The plaintiff is not entitled to recover under the Federal Tort Claims Act.

■ The Court further concludes that the plaintiff has failed to prove actionable negligence. The plaintiff's allegation of negligence is that " * * * the manager of the Club negligently failed to maintain the Club in a safe condition in that a disturbance was allowed to go beyond control and in the ensuing disorder the Plaintiff * * * was seriously injured."

Robertson was not known to be a man of dangerous propensities. The brief scuffle in the Club between Robertson and the bartender had been promptly ended. At the time Robertson left the interior of the Club accompanied by the plaintiff he was not creating a physical disturbance and the manager of the Club had no reason to believe that he would cause the plaintiff to be thrown down the front steps. The Court concludes the manager and other employees of the Club were not negligent.

■ The proximate cause of the plaintiff's injuries was not the act or omission of the Club employees. It was the as-

sault and battery committed upon the plaintiff by Robertson. For this species of harm the Congress has not waived immunity of the United States. An exception in the Federal Tort Claims Act is explicit. 28 U.S.C. § 2680(h).