**Michael D. MANEMANN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 9302.**

United States Court of Appeals
Tenth Circuit.

Aug. 23, 1967.

Robert Dunlap, of Moyers & Dunlap, Colorado Springs, Colo., for appellant.

Leonard Schaitman, Washington, D. C. (Carl Eardley, Acting Asst. Atty. Gen., Lawrence M. Henry, U. S. Atty., and John C. Eldridge, Washington, D. C., were with him on the brief), for appellee.

Before LEWIS and SETH, Circuit Judges, and BRATTON, District Judge.

LEWIS, Circuit Judge.

Appellant-plaintiff, alleging jurisdiction under the Federal Tort Claims Act, filed an action in the District Court for the District of Colorado, seeking damages for injuries caused by the negligent professional acts of a medical staff member of the United States armed forces occurring in 1962 in Taiwan. Appellant, then a minor dependent of a member of the armed forces, was examined for tuberculosis and advised that he was not infected by the disease. He alleges that the diagnosis was negligently made and that his chest x-ray showed the presence of the disease. In 1965, during the course of a pre-induction physical ex-

amination taken while appellant was residing in Colorado Springs, the presence of the disease was established and, by that time, was in a critical and advanced stage. Radical surgery was required. The single appellate issue is whether the action is cognizable under the Federal Tort Claims Act in view of the exclusionary provision of 28 U.S. C. § 2680(k) which bars recovery upon "any claim arising in a foreign country." The trial court held the claim to be excluded under the cited statute and dismissed the action.

■ The appellant contends that his claim did not "arise" at the time when (1962), or the place where (Taiwan) the misdiagnosis occurred and that he had no claim at all until the fact of damage occurred. It is of course true, as a generality, that a mere act of negligence is not legally tortious and becomes an actionable wrong, a tort, only when harm results to the claimant. Damage is the last event necessary to impose liability and the place of the occurrence of damage may become important when the doctrine of conflicts of laws must be applied. The state in which damage occurs is said to be the "place of wrong," Restatement, Conflicts of Laws, § 377, and under the first Restatement § 378, it is the law of the place of wrong which governs. A less mechanistic approach has been adopted by the Restatement (Second) § 379 (Tent. Draft No. 9, 1964), and the Supreme Court in Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492, making reference to the latter approach, has expressly held that the "place of wrong" doctrine does not apply to cases arising under the Federal Tort Claims Act. Thus in *Richards*, it was held that the amount of damages recoverable under the Act was controlled by the whole law of the State of Oklahoma, the place of negligence rather than the place of wrong, which state, in turn, recognized the law of Missouri, the place of damage, as determinative of that element of the tort. So, too, in interpreting the limitation

provision of the Act, section 2401, and under facts similar to those being here considered, it has been held that the time of occurrence of negligence does not start the running of the statute of limitations, under Georgia law, when damage does not immediately occur and that the manifestation of damage matures the cause of action. United States v. Reid, 5 Cir., 251 F.2d 691. However, these authorities can accord to appellant's argument no more than academic interest for in the case at bar we are not concerned with either the time or place of an accrued cause of action for the purpose of applying a statute of limitations or a principle of conflict of law. We are concerned only as to whether appellant's claim arose in a foreign country within the contemplation of section 2680 (k) and the intent and purpose of the Act and all its provisions. We think this inquiry to be fully settled by the provisions of the Act and the decision of the Supreme Court in United States v. Spelar, 338 U.S. 217, 70 S.Ct. 10, 94 L.Ed. 3.

■ Although an act of negligence, here the misdiagnosis, is not actionable without damage it is apparent that after damage occurs the initial premise of the tort is the act of negligence. The liability of the United States for the completed tort shall be "in accordance with the law of the place where the act or omission (negligence) occurred." 28 U. S.C. § 1346(b). These statutory words "command application of the law of the place where the negligence occurred" and dispose of any conflict of law question in the first instance. Richards v. United States, supra, 369 U.S. at p. 9, 82 S.Ct. 585. Appellant's claim is thus dependent upon the law of Taiwan, a foreign country, and falls within the exclusionary provision of section 2680(k) for as Mr. Justice Reed states in United States v. Spelar, supra, 338 U.S. at page 221, 70 S.Ct. at page 12:

"In brief, though Congress was ready to lay aside a great portion of the sovereign's ancient and unquestioned immunity from suit, it was un-

willing to subject the United States to liabilities depending upon the laws of a foreign power. The legislative will must be respected."

Affirmed.