William A. KEISEL, Plaintiff,

v.

BUCKEYE DONKEY BALL, INC., Defendant and Third-Party Plaintiff,

v.

UNITED STATES of America, Third-Party Defendant.

Civ. A. No. 199–69–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

April 6, 1970.

Glenn B. McClanan, Virginia Beach, Va., for plaintiff.

Calvin H. Childress, Norfolk, Va., for defendant.

John R. Crumpler, Jr., Norfolk, Va., for third-party defendant.

MEMORANDUM ORDER

WALTER E. HOFFMAN, Chief Judge.

This matter stands on a motion for summary judgment filed by the United States of America, the third-party defendant, directed to the third-party complaint as filed by Buckeye Donkey Ball, Inc. For the reasons herein stated, the Court is of the opinion that the motion must be sustained.

Plaintiff, a warrant officer in the United States Navy, was injured when he fell from a donkey during a game of "donkey ball" sponsored by the Special Services Division at the Oceana Naval Air Station. Plaintiff alleged that the defendant, Buckeye Donkey Ball, Inc., had negligently furnished an unsafe donkey for the game. Buckeye, in turn, has filed its third-party complaint against the United States of America. The United States contends that the plaintiff was engaged in activity incident to his military service at the time of the accident and that the action against the United States, either by the plaintiff or the third-party plaintiff, is barred as a matter of law.

It appears to be settled law that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Feres v. United States, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950).

In the present case, the third-party plaintiff stands in no different posture with regard to any claim against the United States than would the plaintiff had he instituted a direct action against the Government. The ultimate question is whether plaintiff's participation in this donkey ball game was in the course

of activity incident to service. The issue has apparently been determined adversely to the third-party plaintiff by the opinion of District Judge Albert V. Bryan, now Circuit Judge, in Drumgoole v. Virginia Electric and Power Company, 170 F.Supp. 824 (E.D.Va., 1959).

The facts surrounding the accident are that during the last week in July 1967, plaintiff's commanding officer announced that there would be a donkey softball game and that the Aircraft Maintenance Department of the Oceana Naval Air Station had been requested to furnish the participants. The commanding officer asked for volunteers but, at that time, no one stepped forward. Approximately one week later, plaintiff received a memorandum stating in substance that the plaintiff and two other men would represent the Aircraft Maintenance Department in this activity. Plaintiff advised his commanding officer that he was not particularly pleased about playing in this game, and that he did not care to participate and felt that it would be an inconvenience to use his time off for this purpose. Nevertheless, plaintiff stated that he was under an implied order to be present and that a refusal might subject him to the possibilities of some reprisal by reason of an adverse fitness rating. The plaintiff's testimony with regard to these events was corroborated by Lt. Cdr. Holladay who stated that, in his opinion, he had ordered the plaintiff to participate in the donkey ball game. Cdr. Holladay likewise said that the game was a recreational activity for the benefit of the troops.

In Degentesh v. United States, 230 F. Supp. 763 (N.D.Ill., 1964), a Marine was killed while driving in a Marine bus to an optional service recreational party. The Court held that the United States could not be sued under the Federal Tort Claims Act stating as follows:

> "Here, the decedent was not on leave, pass or furlough. Nor was he on a private concern. Rather he was engaged in an authorized military activity. The fact that he was en route to a merely *pleasurable* activity makes it no less so."

The *Degentesh* opinion then cited Richardson v. United States, 226 F.Supp. 49 (E.D.Va., 1964), an opinion by District Judge Butzner, now a member of the United States Court of Appeals for the Fourth Circuit. In *Richardson*, the plaintiff was injured when he assisted in removing an unruly guest from an N.C.O. club which he was visiting while on week-end liberty. The plaintiff, although on liberty, was not on furlough. He assisted the manager because he thought it was his duty to do so.

Judge Butzner held that the plaintiff was engaged in the operation and enjoyment of a recreational facility incident to his service and could not maintain an action under the Federal Tort Claims Act.

For the reasons stated herein, the motion for summary judgment filed by the United States of America will be sustained, and it is so ordered.