Priscilla N. **MARTIN**, Administratrix for the Estate of Michael B. Moyer, Deceased,

v.

**UNITED STATES** of America.

Civ. A. No. 73–2016.

United States District Court, E. D. Pennsylvania.

Sept. 19, 1975.

Emil F. Toften, Philadelphia, Pa., for Martin.

C. Oliver Burt, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Plaintiff's decedent, Michael B. Moyer, a soldier on active duty in Germany, died of complications following surgery for appendicitis. This suit was brought under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, against the United States to recover damages for the alleged malpractice of army medical personnel. Presently before the court is defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

In *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Court held that the Government is not liable under the Federal Tort Claims Act for damages to military personnel for injuries arising out of or incidental to their service in the armed forces. However, a serviceman is not precluded from recovery simply because he is a member of the military. Rather, the question is whether his injuries were incident to his military service. *Brooks v. United States*, 337 U.S. 49, 52, 69 S.Ct. 918, 920, 93 L.Ed. 1200 (1949).

Plaintiff seeks to avoid the *Feres* doctrine by asserting that Moyer was first stricken with appendicitis when he was in an "off duty" status and by arguing that *Feres* applies only to servicemen who are on active duty. This, unfortunately, is not the difference between *Brooks*, where recovery was allowed, and *Feres*, where it was denied. The crucial question is whether the injury was *incident* to the decedent's military service, and here it plainly was. Although Moyer may have been stricken ill when he was "off duty," he was taken to a military hospital where the alleged negligence took place. Had Moyer not been on active duty with the army, he would not have been eligible for care at that facility. Thus his injury was *incident* to his military status. The fact that he was not performing a military duty at the onset of his pain is not controlling.

Two of the claims asserted in *Feres* were for improper medical treatment, as were those in *Peluso v. United States*, 474 F.2d 605 (3rd Cir.), cert. denied, 414 U.S. 879, 94 S.Ct. 50, 38 L.Ed.2d 124 (1973); *Southard v. United States and Captain Shellan*, 397 F.Supp. 409 (E.D. Pa., filed June 2, 1975), and *Roach v. Shields*, 371 F.Supp. 1392 (E.D.Pa. 1974). Whatever may be the wisdom of *Feres*, it has been consistently followed; change will have to come through legislative action or by the Supreme Court.

The controlling aspects of *Feres* and *Peluso* make a consideration of plaintiff's other assertions unnecessary. Defendant's motion will be granted.