Catherine BRYSON, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 77–3367.

United States District Court, E. D. Pennsylvania.

Dec. 19, 1978.

---

**910**

Louis S. Konowal, Philadelphia, Pa., for plaintiff.

William J. McGettigan, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

DITTER, District Judge.

This action for damages against the United States[1] was brought by plaintiff, Catherine Bryson, as Administratrix of the estate of her son, Craig T. Toohey, a private in the United States Army killed by a fellow serviceman on September 27, 1974. The jurisdiction of this court is invoked under the general grant of jurisdiction provided in the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and under the Military Claims Act, 10 U.S.C. § 2733. The case is presently before me on the government's motion to dismiss, alleging that there is no jurisdiction over the subject matter of this action and that the complaint fails to state a claim upon which relief can be granted.

In her complaint, plaintiff alleges that on the evening of September 27, 1974, Private Craig T. Toohey, decedent, attempted to render assistance to a fellow soldier, Private Carl Weidenhammer, who was intoxicated and unable to remove himself from a men's room in a barracks at Bad Hersfeld, Germany. Private Weidenhammer became violent and struck decedent's head repeatedly against the floor, killing him. Plaintiff's brief in opposition to the instant motion adds certain relevant allegations which are not contained in the complaint. The brief alleges that, at the time of his death, Private Toohey was "on a weekend leave or pass." Plaintiff's Memorandum at 1. The Government questions this allegation, but for the purposes of this motion I will accept it as true. The complaint further alleges that Private Weidenhammer had a "background of emotional problems, lack of maturity, (and) lack of average intelligence," Complaint, paragraph 5, and plaintiff's brief adds that he "suffered from dylexcia" (sic), had an abnormal EEG, and had a behavior problem as a child. Plaintiff's Memorandum at 3.

■ The Government asserts that the Military Claims Act, 10 U.S.C. § 2731, et seq., affords no jurisdiction to this court. It suggests that plaintiff submitted a claim under this act to the United States Army Claims Service and that decisions of that Service are "final and conclusive" under 10 U.S.C. § 2735.[2] In support of this argument, the Government cites *Macomber v. United States*, 335 F.Supp. 197 (D.R.I.1971), a case interpreting virtually identical language found in 31 U.S.C. § 242 as precluding judicial review. Plaintiff has not challenged the Government's position here, and I agree that this court lacks jurisdiction to consider the complaint insofar as it is based on the Military Claims Act. The defendant concedes, however, that a decision by the Claims Service does not preclude an action under the Federal Tort Claims Act (FTCA) based on the same facts. See *Ward v. United States*, 331 F.Supp. 369 (W.D.Pa.), rev'd on other grounds, 471 F.2d 667 (3d Cir. 1971). The remainder of this opinion is therefore addressed solely to plaintiff's FTCA claims.

Plaintiff alleges four distinct acts of negligence by the Government: (1) "Failing to properly screen and admit into service indi-

---

1. Defendants Jimmy Carter, President of the United States, Harold Brown, Secretary of Defense, and Clifford L. Alexander, Jr., Secretary of the Army, were dismissed by stipulation of the parties.

2. 10 U.S.C. § 2735 reads: "Notwithstanding any other provision of law, the settlement of a claim under section 2733, 2734, 2734a, 2734b, or 2737 of this title is final and conclusive."

viduals emotionally mature and of average intelligence." Complaint, paragraph 5; (2) "providing access to intoxicating beverages within the Barracks" to be consumed "by young men not emotionally mature nor of sufficient age, in some instances." Complaint, paragraph 6; (3) "failing to take the proper precautions and safeguards that the young men in the Barracks would not become intoxicated to such a degree that they would cause personal injury and/or death to a fellow soldier." Complaint, paragraph 7; and (4) "admitting into the service the assailant, Private Weidenhammer, Complaint, paragraph 8, and "in view of [his] prior records and history of intoxication," failing "to either remove him from the service or to provide safeguards for [his] fellow soldiers." Complaint, paragraph 9. For clarity of analysis, I will consider each of these allegations, and the Government's arguments against it, separately.

### 1. *Screening And Admissions Policies*

■ Several specific exceptions to the FTCA's general waiver of sovereign immunity are enumerated in 28 U.S.C. § 2680. Subsection (a) bars "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government . . . ." This language has been interpreted to preclude actions based on "determinations made by executives or administrators in establishing plans, specifications or schedules of operation" and decisions "made at a planning rather than operational level." *Dalehite v. United States,* 346 U.S. 15, 35, 42, 73 S.Ct. 956, 967, 971, 97 L.Ed. 1427, (1953). In *Griffin v. United States,* 500 F.2d 1059 (3d Cir. 1974), the Court of Appeals held that, as an exception to the general grant of jurisdiction provided by 28 U.S.C. § 1346(b), this section limits the jurisdiction of the federal courts. Since, in my opinion, the formulation of the standards used to judge the fitness of applicants to the military forces of this country is clearly a decision at the planning level, I conclude that this court lacks jurisdiction to consider this allegation.

### 2. *Providing Intoxicating Beverages*

■ Insofar as plaintiff alleges governmental negligence in formulating its policies concerning the distribution of alcoholic beverages, this court lacks jurisdiction to consider her complaint. *See* 28 U.S.C. § 2680(a). Further, while this section does not bar an action based on allegations of particular acts of negligence involving the distribution of alcoholic beverages to Private Weidenhammer, another FTCA exception does do so. Section 2680(k) of Title 28 bars "any claim arising in a foreign country." This prohibition extends to torts occurring in military bases on foreign soil, *see United States v. Spelar,* 338 U.S. 217, 70 S.Ct. 10, 94 L.Ed. 3 (1949), and focuses on the *situs* of the *tort* (i. e. the place where the act or omission occurred) as the place where the claim arises. *See Roberts v. United States,* 498 F.2d 520 (9th Cir.), cert. denied, 419 U.S. 1070, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974); *Manemann v. United States,* 381 F.2d 704 (10th Cir. 1967); *In Re Paris Air Crash of March 3, 1974,* 399 F.Supp. 732 (C.D.Cal.1975). Any negligence which might have been involved in the distribution of alcoholic beverages to Private Weidenhammer on the evening of decedent's death clearly occurred "in a foreign country." Hence, I must conclude that this court is without jurisdiction to further consider this allegation.

### 3. *Failing to Guard Against Excessive Intoxication And Its Consequences*

■ Plaintiff's third specification of alleged negligence refers to the Government's failure to guard against the possible effects of intoxication in the barracks. This allegation may also be interpreted as focusing on either policy decisions or particular acts. To the extent that it alleges defects in Army policy, its consideration by this court is precluded by 28 U.S.C. § 2680(a) for the reasons previously discussed. To the extent that it alleges particular failures to meet a duty of due care on the evening of decedent's death, it concerns only acts occurring "in a foreign country" consideration of

which by this court is precluded by 28 U.S.C. § 2680(k). Therefore, I must conclude that I am without jurisdiction to hear this aspect of the complaint.

### 4. Admitting Private Weidenhammer Or Failing To Remove Him Or Guard Against His Behavior

■ Finally, plaintiff contends the Government was negligent in accepting and retaining Weidenhammer as a member of the army. To the extent that this allegation attacks, as negligently formulated, the admissions standards promulgated for the program under which Private Weidenhammer was admitted into the army, this court is without jurisdiction to consider it. The promulgation of such standards is a discretionary act within the meaning of 28 U.S.C. § 2680(a) with respect to which the United States has not waived its sovereign immunity. However, to the extent that plaintiff alleges that the specific decision to admit Private Weidenhammer and/or the subsequent failure to remove him constituted negligent conduct by the United States, this court has jurisdiction to consider her complaint. This alleged act of negligence occurred within the United States and involved only decisions on the "operational level." Such decisions are not discretionary judgments within the meaning of 28 U.S.C. § 2680(a). See Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed.2d 1427 (1953); Griffin v. United States, 500 F.2d 1059 (3d Cir. 1974). In Gibson v. United States, 457 F.2d 1391 (3d Cir. 1972), the Court of Appeals for the Third Circuit explained clearly that " 'application of . . policy to the individual case is administrative decision at the operational level which if negligently done will make the Government liable . . . (Emphasis supplied).' " Id. at 1397, quoting White v. United States, 317 F.2d 13, 17 (4th Cir. 1963).

■ The Government suggests that this court lacks jurisdiction to consider this allegation because "the substance of the claim is in actuality an assault or battery" exempted from the FTCA's general waiver of sovereign immunity by 28 U.S.C. § 2680(h), and that plaintiff "beclouds the issue by alleging that his (sic) cause of action is predicated on negligence." Government Supplemental Memorandum at 2. In support of this proposition, the Government cites Lambertson v. United States, 528 F.2d 441 (2d Cir.), cert. denied 426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374 (1976), and Coffey v. United States, 387 F.Supp. 539 (D.Conn.1975). The plaintiffs in both of these cases sought to characterize offensive conduct as negligence to avoid section 2680(h). In each case, the court looked to the facts, found the only tortious conduct to be battery, and refused to consider the complaint.[3]

When injuries directly resulting from assaults and batteries may be reasonably alleged to have their roots in negligence, however, the courts have refused to dismiss them under section 2680(h). See, e. g., Gibson v. United States, supra; Rogers v. United States, 397 F.2d 12 (5th Cir. 1968). In Gibson, the Third Circuit allowed a plaintiff job corps instructor to maintain an action alleging governmental negligence in accepting into the job corps a juvenile delinquent and narcotics addict who assaulted him, 457 F.2d at 1392–93. The court recognized "ample allegations in the complaint of a breach of duty by the United States because of a failure to exercise due care", id., at 1394, and held that the offensive conduct "had its roots in the Government's negligence." Id. at 1395. The instant complaint also amply alleges negligence by the United States and, taking the facts as stated by plaintiff to be true, as I must for purposes of this motion, I find that the decedent's death may reasonably be alleged to have its roots in Government negligence. The instant action is therefore not barred by 28 U.S.C. § 2680(h).

---

**3.** In Lambertson, a federal meat inspector assaulted the plaintiff by jumping on his back as part of a "joke." In Coffey, a Marine guard allegedly shot the plaintiff "when not necessary in view of all the conditions." 387 F.Supp. at 540.

Finally, the Government argues that I should grant its motion for summary judgment under the doctrine of *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). In *Feres,* the United States Supreme Court held that the government is "not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id.* at 159. The Court distinguished this principle from its holding in *Brooks v. United States,* 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949), that an FTCA action may be maintained by a serviceman, finding significant that the injured person in *Brooks* "was on furlough," was "under compulsion of no orders or duty and on no military mission," and was "on leave" and not "injured while performing duties under orders." 340 U.S. at 146, 71 S.Ct. 159.

The application of the *Feres* doctrine to specific factual situations has troubled the district and circuit courts and led some, including the Court of Appeals for this circuit, to express doubts about its continuing validity. Nevertheless, the Third Circuit continues to find the doctrine controlling in cases with facts analogous to those in *Feres. See,* e. g., *Thomason v. Sanchez,* 539 F.2d 955, 957 (3d Cir. 1976), cert. denied, 429 U.S. 1072, 97 S.Ct. 809, 50 L.Ed.2d 790 (1977); *Peluso v. United States,* 474 F.2d 605, 606 (3d Cir. 1973), cert. denied, 414 U.S. 879, 94 S.Ct. 50, 38 L.Ed. 124 (1973).

In judging whether the *Feres* doctrine bars recovery by a plaintiff, the courts have looked to whether the injury alleged is "incident to service." Thus, in discussing the distinction between the Supreme Court's holdings in *Brooks* and *Feres,* the Third Circuit focused on the fact that "[t]he injury to Brooks did not arise out of or in the course of military duty." *Thomason,* supra, at 957, quoting *Feres,* 340 U.S. at 146, 71 S.Ct. at 159, 95 L.Ed. at 161. Most courts have found the injured serviceman's duty status to be of principal significance to this determination. Thus, in *Thomason,* supra, the court found controlling the fact that plaintiff was "in a 'present for duty' status and not on any type of leave or pass." *Id.*

at 957. In *Harten v. Coons,* 502 F.2d 1363 (10th Cir. 1974), cert. denied, 420 U.S. 963, 95 S.Ct. 1354, 43 L.Ed.2d 441 (1974), the Court of Appeals for the Tenth Circuit explained this distinction well.

[I]f a claimant is on leave or on inactive status at the time of the injury, or if the injury is not the product of a military relationship, suit under the Act may be allowed. On the other hand, when a serviceman on active duty sustains an injury stemming from the military relationship, courts have consistently denied recovery under the Act.

*Id.* at 1365.

The courts have also found injuries incurred by servicemen as a consequence of their use of benefits or services provided to them because of their status as military personnel to be "incident to service." The analysis in *Martin v. United States,* 404 F.Supp. 1240 (E.D.Pa.1975), in which the plaintiff alleged malpractice by army medical personnel, is typical of the reasoning supporting this conclusion: "Had [decedent] not been on active duty with the army, he would not have been eligible for care at that facility." *Id.* at 1241. Similar decisions, involving a variety of service-related benefits, abound. *Cf. Feres,* supra (medical malpractice); *Haas v. United States,* 518 F.2d 1138 (4th Cir. 1975) (riding horse from stable maintained by Marine Corps for military personnel); *Chambers v. United States,* 357 F.2d 224 (8th Cir. 1966) (swimming in pool on air base); *Orken v. United States,* 239 F.2d 850 (6th Cir. 1956) (occupying housing provided at government expense on air base); *Richardson v. United States,* 226 F.Supp. 49 (E.D.Va.1964) (drinking in non-commissioned officer's bar). While the *situs* of the injury has been noted by some courts (*see,* e. g., *Coffey v. United States,* 324 F.Supp. 1087 (S.D.Cal.1971) aff'd, 455 F.2d 1380 (9th Cir. 1972); *Camassar v. United States,* 400 F.Supp. 894 (D.Conn.1975), aff'd, 531 F.2d 1149 (2d Cir. 1976)) as a factor to be considered in determining whether an injury is incident to service, no consistent line of cases finding this factor determinative exists. Further,

courts have held injuries to be actionable even though occurring on military bases. *Cf. Rich v. United States,* 144 F.Supp. 791 (E.D.Pa.1956) ("[T]he determinative fact in each case is not where the plaintiff was at the time he was injured."); *Downes v. United States,* 249 F.Supp. 626 (E.D.N.C. 1965) (Plaintiff was on base, but "on a pass pursuing his personal affairs.").

Taking the facts as stated by plaintiff in her brief to be true,[4] the decedent in the instant case was on a weekend leave or pass at the time of his death. He was not acting under compulsion of orders or duty and he was not on a military mission. His injuries were in no significant way a consequence of his use of benefits or services available to him because of his status as a serviceman. Private Toohey attempted to assist his assailant, Private Weidenhammer, after the latter had become intoxicated and passed out in the men's room. He was under no order or military duty to render this assistance and presumably acted out of concern or compassion for his fellow soldier. The location of the incident bears no significant causal relationship to the injury. On this basis, therefore, Private Toohey's death would not have been "incident to service" and an action based on it and maintained under the Federal Tort Claims Act is not barred by the doctrine of *Feres v. United States,* supra.

For the foregoing reasons, defendant's motion to dismiss must be granted with respect to all actions brought under the Military Claims Act, 10 U.S.C. §§ 2731, et seq.; granted with respect to all actions brought under the Federal Tort Claims Act and alleging negligence in the formulation of government policy; granted with respect to all actions brought under the Federal Tort Claims Act and alleging negligent conduct occurring in a foreign country; and otherwise denied.

4. I recognize, of course, that I am not compelled to take as true those factual allegations contained only in the plaintiff's brief. Indeed, where an allegation does not appear in the complaint, its validity need not be assumed on a motion to dismiss. See 2A Moore's Federal Practice ¶ 12.08, at 2266–69 (2d ed. 1975). Nevertheless, the alternative here would be to grant the instant motion with leave to amend the complaint in order to properly plead the allegations already set forth by the plaintiff in her brief. To avoid such a futile gesture, I will exercise my discretion in favor of taking these allegations as true for the purposes of the motion to dismiss.