**Federico C. MARIANO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 77–2634.**

United States Court of Appeals,
Fourth Circuit.

Argued May 10, 1979.

Decided Sept. 5, 1979.

David P. L. Berry and John B. Gaidies, Norfolk, Va. (Anderson & Berry, Norfolk, Va., Rixey & Heilig, Norfolk, Va., on brief), for appellant.

Charles R. Dalton, Jr. and James A. Metcalfe, Seawell, McCoy, Dalton, Hughes, Gore & Timms, Norfolk, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WIDENER and HALL, Circuit Judges.

K. K. HALL, Circuit Judge:

Federico Mariano, a Chief Petty Officer at the Norfolk Naval Station, sought compensation under the Federal Tort Claims Act for injuries he sustained while working as night manager at the Tradewinds Club, a recreational facility maintained on the base by the government. Following a nonjury trial, the district court dismissed Mariano's complaint, ruling that his injury was incident to his military service and that recovery therefore was precluded. We affirm the judgment of the district court.

In *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Supreme Court ruled that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. The Court denied recovery in each of the three cases consolidated in *Feres*, and stated that "[t]he common fact underlying the three cases is that each claimant, while on active duty and not on furlough, sustained injury due to negligence of others in the armed forces." 340 U.S. at 138, 71 S.Ct. at 155. This court has adopted that statement as the proper test of whether an injured serviceman's recovery under the Federal Tort Claims Act is barred, and has held that "an active-duty serviceman, temporarily in off-duty status and engaged in recreational activity on a military base, cannot sue the United States for the alleged negligence of another serviceman or civilian employee of the military." *Hass v. United States*, 518 F.2d 1138, 1142 (4th Cir. 1975).

At the time of his injury, Mariano was in an off-duty status from his command, on liberty but not on furlough. He was working as night manager at the Tradewinds Club, a recreational facility owned and operated by the United States to promote the well-being, morale and efficiency of enlisted personnel. Mariano was attempting to quell a disturbance in the Club when he was struck in the face by a glass thrown by a Navy Seaman. He claims that his injury was the result of negligence of the Club's other employees and the government's negligence in failing to employ a sufficient number of adequately trained and equipped personnel at the Club.

The parties agree that if Mariano had been a patron of the Club at the time of his injury, the injury would be deemed incident to service and his recovery would be barred. *Hass v. United States, supra; Richardson v.*

*United States,* 226 F.Supp. 49 (E.D.Va. 1964). The only issue is whether his status as an employee of the Club dictates a different result. We hold that it does not.

The Tradewinds Club employs both civilians and military personnel. Under Navy regulations, enlisted men working in the Club must be employed "in a civilian capacity" and paid with non-appropriated funds. Their employment must be voluntary, during their off-duty hours, and may not interfere with the proper performance of their military duties. Because of these restrictions, Mariano argues, his status at the time of his injury was that of a civilian, unrelated to his military service. We disagree.

The Tradewinds Club is located on the Norfolk Naval Station and its use is restricted to military personnel and their guests. Operation of the Club is the direct responsibility of the Commanding Officer of the base, under guidelines issued by the Chief of Naval Operations. The policy of the Commanding Officer at Norfolk at the time of Mariano's injury was to fill all night manager positions with active duty Chief Petty Officers, or non-commissioned officers with similar rank and experience. The night managers were responsible for maintaining order in the Club, under instructions issued or approved by the Commanding Officer. All military personnel, whether patrons or employees, were subject to discipline under the Uniform Code of Military Justice for their conduct in the Club.

Under all the circumstances, we do not believe that Mariano's employment was so distinct from his military status as to prevent application of the *Feres* doctrine. We therefore affirm the district court's dismissal of Mariano's complaint.

*AFFIRMED.*