Richard Douglas KESSLER, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 80–2002–8.

United States District Court,
D. South Carolina,
Charleston Division.

May 29, 1981.

Allen R. Dupree, North Charleston, S. C.,
for plaintiff.

Heidi M. Solomon, Asst. U. S. Atty.,
Charleston, S. C., for defendant.

## ORDER

BLATT, District Judge.

■ This matter is before the court on defendant's motion to dismiss, under Fed.R. Civ.Pro. 12(b)(6), for failure to state a claim upon which relief can be granted, which has been converted into a motion for summary judgment pursuant to Fed.R.Civ.Pro. 12(b) and 56(b). Defendant asserts that any injuries suffered by plaintiff were incident to his military service and, therefore, fall outside the ambit of the United States' limited waiver of sovereign immunity in the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–80, as defined by *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Generally speaking, the so-called "*Feres* doctrine" precludes a finding of liability on the part of the federal government "for injuries to servicemen where the injuries arise out of or in the course of activity incident to service." *Id.* at 146, 71 S.Ct. at 159. Thus, the question posed to this court by defendant's motion is whether the particular facts of the case at bar render plaintiff's injuries "incident to [his] service," *id.*, or, conversely, whether those "injuries [were] not caused by [his] service except in the sense that all human events depend upon what has already transpired." *Brooks v. United States*, 337 U.S. 49, 52, 69 S.Ct. 918, 920, 93 L.Ed. 1200 (1949), *reversing United States v. Brooks*, 169 F.2d 840 (4th Cir. 1948).

## FINDINGS OF FACT

The facts essential to this court's inquiry under *Feres* have been admitted by the parties and are not subject to serious controversy, except in their ultimate effect. On August 5, 1979, plaintiff, an enlisted man assigned to the 437th Field Maintenance Squadron at the Charleston Air Force Base, was on active duty with the United States Air Force. According to the affida-

vit of Master Sergeant John J. Johnson, Jr., plaintiff's supervisor in the Jet Flight Line Maintenance Section, plaintiff was due to work the graveyard shift that evening, with duty hours between 11:45 P.M. and 7:30 A.M.; although plaintiff did not have to report to his duty station until 11:45 P.M., he was on active duty status, meaning that his service was not subject to any authorized leave, liberty, pass, or other furlough status. At approximately 10:25 P.M., plaintiff, while driving his automobile, was involved in an accident with another vehicle operated by an enlisted man on Arthur Drive, within the boundaries of the Charleston Air Force Base. In his affidavit, plaintiff asserts:

> I was returning to Charleston A.F.B. from Summerville, South Carolina where I had just dropped off my girlfriend so that I would be able to complete several letters that I needed to have in the mail the following day. I had to report to my duty station ... at 11:45 that evening and I was enroute to my barracks ... at approximately 10:00 that evening so that I would have plenty of time to finish these documents and rest up some before reporting to my duty station. Unfortunately, I never reached my destination.

It is, therefore, incumbent upon this court to determine whether these facts compel, as a matter of law, the finding that plaintiff's injuries "arise out of or are in the course of activity incident to military service," *Feres v. United States*, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950), thereby precluding liability under the Federal Tort Claims Act.

## CONCLUSIONS OF LAW

The basic scope of the *Feres* doctrine was defined in three Supreme Court opinions filed between 1949 and 1954. *United States v. Brown*, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954); *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950); *Brooks v. United States*, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949). In *Brooks*, the Court held that the United States was liable for damages under the Federal Tort Claims Act when injuries suf-

fered by military personnel were "not incident to their service." *Brooks v. United States*, 337 U.S. 49, 50, 69 S.Ct. 918, 919, 93 L.Ed. 1200 (1949). That case is clearly distinguishable from the present one, however, since the injuries were sustained by two servicemen on furlough when the privately owned automobile in which they were riding upon a public highway was struck by a United States Army truck being operated in a negligent manner by a civilian employee of the government. *Id.* at 50, 52, 69 S.Ct. at 919, 920. *See also, United States v. Brooks*, 169 F.2d 840 (4th Cir. 1948). In *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the court was confronted with the question of injuries sustained incident to service, which was expressly reserved in *Brooks*, 337 U.S. at 52, 69 S.Ct. at 920. In *Feres*, which involved injuries incurred "while on active duty and not on furlough," 340 U.S. at 138, 71 S.Ct. at 155, the Court reviewed the language and legislative history of the Federal Tort Claims Act, as well as the history of sovereign immunity and service-connected torts in general, and concluded "that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id.* at 146, 71 S.Ct. at 159. The Court carefully distinguished its previous decision in *Brooks*, pointing out that the plaintiffs there were "on furlough, driving along the highway, under compulsion of no orders or duty and on no military mission.... [Their] relationship while on leave was not analogous to that of a soldier injured while performing duties under orders." *Id.* In *United States v. Brown*, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954), the Supreme Court endeavored to dispel any remaining doubt concerning the scope of *Brooks* and *Feres*, while "adher[ing] ... to the line drawn in the *Feres* case between injuries that did and injuries that did not arise out of or in the course of military duty." *Id.* at 113, 75 S.Ct. at 143. The Court in *Brown* noted that "[t]he injury for which suit was brought was not incurred while respondent

was on active duty or subject to military discipline," *id.* at 112, 75 S.Ct. at 143, and held that the situation was governed by *Brooks,* thereby rendering the federal government potentially liable under the Federal Tort Claims Act.

The *Feres* doctrine has been the source of an extensive body of decisional law, including a number of cases in this Circuit. *E. g., Mariano v. United States,* 605 F.2d 721 (4th Cir. 1979); *Hass v. United States,* 518 F.2d 1138 (4th Cir. 1975); *Harten v. Coons,* 502 F.2d 1363 (10th Cir. 1974), *cert. denied,* 420 U.S. 963, 95 S.Ct. 1354, 43 L.Ed.2d 441 (1975); *Henninger v. United States,* 473 F.2d 814 (9th Cir. 1973), *cert. denied,* 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973); *Hall v. United States,* 451 F.2d 353 (1st Cir. 1971); *Shaw v. United States,* 448 F.2d 1240 (4th Cir. 1971); *Buckingham v. United States,* 394 F.2d 483 (4th Cir. 1968); *Chambers v. United States,* 357 F.2d 224 (8th Cir. 1966); *Watkins v. United States,* 462 F.Supp. 980 (S.D.Ga.1977), *aff'd,* 587 F.2d 279 (5th Cir. 1979); *Keisel v. Buckeye Donkey Ball, Inc.,* 311 F.Supp. 370 (E.D.Va. 1970); *Richardson v. United States,* 226 F.Supp. 49 (E.D.Va.1964); *Holcombe v. United States,* 176 F.Supp. 297 (E.D.Va. 1959), *aff'd,* 277 F.2d 143 (4th Cir. 1960). *See generally Annot.,* 31 A.L.R.Fed. 146 (1977). As applied in the Fourth Circuit, the *Feres* doctrine entails a "relatively mechanical" test, *Hass v. United States,* 518 F.2d 1138, 1140 (4th Cir. 1975), focusing primarily on the plaintiff's duty status and the location of the tort. In *Hass,* the Court held that "an active-duty serviceman, temporarily in off-duty status and engaged in recreational activity on a military base, cannot sue the United States for the alleged negligence of another serviceman or civilian employee of the military." *Id.* at 1142. *Accord, Chambers v. United States,* 357 F.2d 224 (8th Cir. 1966); *Thomason v. Sanchez,* 398 F.Supp. 500 (D.N.Y.1975), *aff'd,* 539 F.2d 955 (3d Cir. 1976); *Keisel v. Buckeye Donkey Ball, Inc.,* 311 F.Supp. 370 (E.D. Va.1970); *Richardson v. United States,* 226 F.Supp. 49 (E.D.Va.1964); *Ritzman v. Trent,* 125 F.Supp. 664 (E.D.N.C.1954). The continued vitality of the court's holding in

*Hass* was unequivocally affirmed in the recent case of *Mariano v. United States,* 605 F.2d 721 (4th Cir. 1979). It should also be noted that actions involving servicemen injured in private motor vehicles on military bases have almost invariably been held to be precluded by *Feres.* E. g., *Camassar v. United States,* 531 F.2d 1149 (2d Cir. 1976); *Watkins v. United States,* 462 F.Supp. 980 (S.D.Ga.1977), *aff'd,* 587 F.2d 279 (5th Cir. 1979); *Parker v. United States,* 437 F.Supp. 1039 (N.D.Tex.1977); *Thomason v. Sanchez,* 398 F.Supp. 500 (D.N.J.1975); *aff'd,* 539 F.2d 955 (3d Cir. 1976); *Frazier v. United States,* 372 F.Supp. 208 (M.D.Fla.1973); *Coffey v. United States,* 324 F.Supp. 1087 (S.D.Cal.1971), *aff'd,* 455 F.2d 1380 (9th Cir. 1972). But see *Downes v. United States,* 249 F.Supp. 626 (E.D.N.C.1965) (plaintiff on pass).

■ With respect to the particular factual circumstances at issue here, the opinion of Judge Alaimo in *Watkins v. United States,* 462 F.Supp. 980 (S.D.Ga.1977), which was characterized as "well-reasoned and thoroughly documented" by the Fifth Circuit on appeal, 587 F.2d at 279, is most illuminating. After an exhaustive review of the decisional law, the court concluded:

> Two factors emerge as decisive: the status of the claimant and the location of the accident. Where the claimant is injured on base while on "active duty," *Feres* applies virtually as a matter of law . . . . "Active duty" means not on leave or furlough, in the contemplation of *Feres* and its progeny. Where a serviceman is subject to duty, the doctrine applies. Thus, even plaintiffs who were off-duty (with or without a pass or liberty card) are barred by *Feres,* where the injury occurs on base . . . . In the present case, the plaintiff's decedent was not on a pass or on leave and was injured on base. No court has ever avoided *Feres* on such facts.

*Id.* at 986–87. Clearly, *Watkins,* as well as the Fourth Circuit precedents, e. g., *Mariano v. United States,* 605 F.2d 721 (4th Cir. 1979); *Hass v. United States,* 518 F.2d 1138 (4th Cir. 1975); *Keisel v. Buckeye Donkey*

*Ball, Inc.,* 311 F.Supp. 370 (E.D.Va.1970); *Richardson v. United States,* 226 F.Supp. 49 (E.D.Va.1964), preclude governmental liability under the Federal Tort Claims Act in the present case, since, in this court's opinion, plaintiff's active duty status and the fact that his injuries were incurred in an accident on the Charleston Air Force Base necessitates a finding that such injuries arose out of, or were occasioned in the course of activity incident to plaintiff's military service. For the sake of completeness, it should also be noted that the bar imposed by the *Feres* doctrine extends to any claim for property damage. *E. g., Ritzman v. Trent,* 125 F.Supp. 664 (E.D.N.C.1954).

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment under Fed. R.Civ.Pro. 56(b) is hereby granted.

AND IT IS SO ORDERED.