634 F.2d 1146
 Robert Lee JOHNSON, Appellant,
v.
CITY OF ST. PAUL, MINNESOTA, a Municipal Corporation; Police
Officer Petersen, Badge Number 527, as an agent for the City
of St. Paul, Minnesota and individually; Police Officer
Zaruba, Badge Number 388, as an agent for the City of St.
Paul, Minnesota and individually; Richard H. Knutson,
Attorney; Richard H. Rowan, Chief of Police, Appellees.
 No. 79-1916.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 12, 1980.
Decided Dec. 3, 1980.
 
 Frank E. Villaume, III, Asst. City Atty., St. Paul, Minn., for appellees.
 Earl P. Gray, St. Paul, Minn., for appellant.
 Before BRIGHT, HENLEY and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Robert Lee Johnson brought this action[1] under 42 U.S.C. § 1983 (1976) to recover damages for an allegedly unconstitutional arrest and imprisonment. The federal district court of Minnesota granted summary judgment for the defendants, and Johnson appeals. We affirm.
 
 
 2
 This action arose out of events which began in a public park. Appellant was sitting with a woman when they were approached by two police officers, defendants Zaruba and Petersen. The officers asked for identification, and while appellant made loud protests, he did present an employment badge. The officers radioed headquarters for a routine warrant check. They were informed there was an outstanding warrant for Robert Lee Johnson. The officers then took appellant to the police department, where he was booked on the charge in the warrant.[2] He was held for three or four hours until he posted bail. At a hearing on July 19, 1973, it was discovered that appellant was not the Robert Lee Johnson sought in the warrant, and charges were dismissed.[3]
 
 
 3
 The district judge relied upon Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), as disposing of the present case. In Baker, the plaintiff was stopped by police when he ran a stoplight. A warrant check indicated an outstanding warrant, and the plaintiff was taken into custody in spite of his protests of mistaken identification. He was released a week later when the police discovered the mistake. He claimed that his detention was unconstitutional because the police failed to make prompt efforts to determine the validity of his mistaken identity claim. The Supreme Court held that once the police make an arrest pursuant to a valid warrant,[4] the police have no constitutional duty to make an immediate investigation of claims of mistaken identity. 99 S.Ct. at 2695. While the plaintiff in such a case might have a state law claim for false imprisonment, he has no claim under 42 U.S.C. § 1983, which requires as a threshold a violation of constitutional rights. In the present case, Johnson was detained only a few hours and the mistake was discovered within a week. Like the plaintiff in Baker, he has alleged no violation of his constitutional rights.
 
 
 4
 Appellant also contends that he was wrongfully detained before the warrant check, and thus his subsequent arrest was tainted. However, he apparently responded voluntarily to the police officers' request for identification. Although Johnson claimed that the police "insisted" he go over to the police car before they radioed headquarters, this allegation is insufficient to indicate detention. It is "(o)nly when (a police) officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen (that a court) may * * * conclude that a 'seizure' has occurred." Terry v. Ohio, 392 U.S. 1, 19 n.16, 88 S.Ct. 1868, 1879 n.16, 20 L.Ed.2d 889 (1968).[5]
 
 
 5
 Because appellant has alleged no facts demonstrating a constitutional violation, we affirm the judgment of the district court dismissing his claim.
 
 
 6
 McMILLIAN, Circuit Judge, dissenting in part.
 
 
 7
 I concur in the affirmance of the district court's dismissal on the basis of Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), of that part of appellant's action alleging unlawful detention.
 
 
 8
 I would reverse the district court's dismissal of appellant's unlawful confrontation claim and remand for further proceedings. In my opinion, appellant adequately raised a constitutional claim that he was arrested without "a reasonable suspicion, based upon objective facts, that (he was) involved in criminal activity." Brown v. Texas, 443 U.S. 47, 51, 99 S.Ct. 2637, 2641, 61 L.Ed.2d 357 (1979). I note that, as far as I can determine from the record, appellant was not in violation of any municipal ordinance or statute at the time of this confrontation.
 
 
 
 [1]
 Shortly after the events at issue in this case occurred, appellant was convicted in state court on a charge of aggravated assault. While on parole, he was arrested for criminal sexual conduct and robbery. He was tried and found guilty, and is now serving concurrent sentences for these two crimes. At the time that the district court ordered summary judgment, appellant was incarcerated
 
 
 [2]
 The charge was leaving the scene of an accident
 
 
 [3]
 The warrant had a driver's license number on it. At the municipal court, the traffic charge against appellant was dismissed when a check on the driver's license revealed that the person in the warrant was a white male with blue eyes. Appellant is black
 
 
 [4]
 There is no dispute about the facial validity of the warrant in this case
 
 
 [5]
 Our scrutiny of the record reveals that, in his affidavit opposing the City's motion for summary judgment, Johnson alleged that the officers "forced (him) against his will to go over to the squad car that was driven by the two (police) officers(.)" His characterization of the event as involving force, however, conflicts with the allegations of his complaint as well as other materials submitted to the district court. Accordingly, the district court was entitled to construe the affidavit's allegation of force as so conclusory that it failed to raise a material issue of fact
 The record otherwise indicates that Johnson volunteered his identification to the officers and that no unlawful seizure of the person occurred here. Our disposition of this case, therefore, does not indicate, and we do not hold, that law enforcement officers may without probable cause compel a citizen to accompany them for the purpose of verifying identification or that such action may not violate a citizen's constitutional rights.
 Johnson brought this case pro se in the district court. On appeal Mr. Earl Gray of the Minnesota Bar has ably represented him at our request and without compensation for his work. We express our appreciation to Mr. Gray for doing so in the finest tradition of the legal profession.