**Elizabeth A. STORDAHL, Plaintiff,**

v.

**Robert D. HARRISON, Annette B. Johnson, Lonnie Overmire and Jane Doe, Unknown Sales Clerk, Defendants.**

Civ. A. No. 81–898–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

June 24, 1982.

Allen P. Fancher, Paulson, Fancher & Dockery, Virginia Beach, Va., for plaintiff.

Roger T. Williams, Asst. U. S. Atty., Norfolk, Va., for defendants.

## ORDER

DOUMAR, District Judge.

This action is before this Court on the defendants' motion to dismiss or in the alternative, for summary judgment based on governmental immunity. Oral argument on this issue was presented before this Court on March 8, 1982 and an evidentiary hearing held on April 30, 1982. In view of the factors as presented to this Court, the defendant's motion to dismiss is GRANTED and the case is DISMISSED.

The plaintiff is a member of the United States Navy. The defendants are civilian security officers employed by the Navy to guard the Naval Exchanges at Little Creek Amphibious Base and the Norfolk Naval Station. The plaintiff alleges that on August 16, 1980, the plaintiff tendered a sum of money to the Naval Exchange at the Little Creek Amphibious Base, Virginia Beach, Virginia, for the purpose of placing a camera on lay-away. On September 19, 1980, the plaintiff alleges that she returned to the Naval Exchange at the Little Creek Amphibious Base and paid the balance due on the camera and received it. On September 23, 1981, the plaintiff alleges that she entered the Naval Exchange at the Norfolk Naval Station to return the camera and claim a refund. On that day the plaintiff alleges that she was falsely accused of passing a check with insufficient funds in her account and changing the "balance due" on a lay-away ticket and was thereafter confined against her will for thirty minutes during questioning by the defendants. She was later charged under the Uniform Code of Military Justice with fraudulent conduct, stemming from the above incident. The plaintiff received non-judicial punishment under Article XV of the Uniform Code of Military Justice and reduced in rank. This subsequent charge did not include any charges in connection with the check as there appears to have been sufficient money in the account to cover any such check.

The plaintiff contends that as a result of the accusations relating to the check and the unlawful detention in connection with the check, she has been injured in both her reputation and name and caused to suffer great humiliation. She claims that the allegations and charges of fraudulent conduct, although arising out of the purchase of the camera, had nothing to do with the check for which she was initially held and, accordingly, she brought suit under Virginia law in state court for the alleged unlawful confinement (false arrest) and for the alleged injury to her reputation and name. The suit was thereafter removed by the defendants pursuant to 28 U.S.C. § 1442 (1973). The plaintiff fought the removal and requested the case be remanded to the state court for trial of this alleged Virginia tort. The motion was denied.

Both Navy Exchange facilities, i.e., the Norfolk Naval Station Exchange and the Little Creek Amphibious Base Exchange, are commanded by a U.S. Naval Officer and ultimately under the command of the Commandant, an Admiral of the United States Navy. Each Naval Exchange, through the Naval Exchange Officer, employs civilians who answer directly to the Naval Officers in charge, who in turn answer directly to the Naval Commandant. The Navy Ex-

change is operated pursuant to Naval Regulations as well as the Navy Exchange Regulations all as a part of the activities of the United States Navy.

Based on evidence adduced at an evidentiary hearing, the Court concludes that the Navy Exchanges in question were operated by the Navy for the benefit of Naval personnel or Armed Services personnel and their families who are entitled to use the same as an incident to their service. Both of the Naval Exchanges are on United States Naval reservations, which reservations themselves are fenced and guarded at all times and only authorized persons may enter upon them. The Norfolk Naval Station Exchange is located some seven miles' distance from the Little Creek Amphibious Base. The Little Creek Amphibious Base is partially within the borders of both the City of Norfolk, Virginia and the City of Virginia Beach, Virginia. The Norfolk Naval Station is located entirely within the borders of the City of Norfolk, Virginia.

The defendants now move to dismiss on the ground that:

(1) The plaintiff is a member of the Armed Forces of the United States on active duty; and

(2) The defendants' alleged actions were committed in the course of their duty and within their official capacities as employees and officers of the United States Navy.

The defendants contend that they are entitled to governmental immunity and that their actions are privileged. The plaintiff contends that false arrest or unlawful detention is a constitutional tort and that there is no privilege nor any immunity for such a tort or, indeed, any tort.

The first matter to be determined is whether the actions of the defendants violated the constitutional rights of the plaintiff giving rise to a constitutional right of action. Although the plaintiff did not allege a constitutional basis in the pleadings, she now so asserts because of her alleged short detention and questioning.

In the memorandum in opposition to this motion, the plaintiff has asserted that under the holdings of *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and *Wallace v. Chappell*, 661 F.2d 729 (9th Cir. 1981), immunity under any theory would be qualified by virtue of the constitutional tort. In *Bivens*, federal agents made a warrantless entry into the petitioner's apartment, ransacked the apartment and arrested the petitioner, all without probable cause. This was a clear abuse of known constitutional rights and gave rise to a constitutional tort. Similarly, in *Wallace v. Chappell, supra*, the known constitutional tort was racial discrimination. Therefore, if there is a constitutional violation in this case, the defendants may not be entitled to immunity.

In the complaint, the plaintiff alleges that on September 19, 1980, the defendant, Lonnie Overmire, falsely accused the plaintiff of passing a bad check and then falsely arrested or unlawfully detained the plaintiff.

Slander or defamation in and of itself does not implicate a liberty or property interest so as to be cognizable under the Fourteenth Amendment or 42 U.S.C. § 1983 (1981). *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Even where libel is coupled with a charge of false imprisonment against store personnel, there is no claim cognizable under 42 U.S.C., § 1983 (1981). *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). In *Baker*, it is postulated that even though the plaintiff may have been falsely accused and improperly detained that action does not give rise to a constitutional deprivation. "If it did, § 1983 would provide a cause of action for every defendant acquitted, indeed for every suspect released." *Baker, supra*, at page 145, 99 S.Ct. at 2695.

The case at hand is not an unusual situation. It is entirely within the province of a storeowner to protect and secure his goods, property and monies against theft or fraud. Where a storeowner has reasonable grounds to believe that another is stealing his property, he is justified in detaining the suspect for a reasonable length of time for the

purposes of investigation. *Montgomery Ward v. Freeman*, 199 F.2d 720 (4th Cir. 1952). Certainly, the United States Navy, as operator of the Naval Exchanges, would have a similar right to protect its goods. *See Plourde v. Ferguson*, 519 F.Supp. 14 (D.C.Md.1980).

A short time of detention of less than an hour under the circumstances does not give rise to a constitutional tort. *Baker, supra* (3 days); *Johnson v. City of St. Paul*, 634 F.2d 1146 (8th Cir. 1980) (4 hours); *Williams v. Anderson*, 599 F.2d 923 (10th Cir. 1979) (1 day). In the instant case, this Court, in following the rationale of *Paul v. Davis, supra,* and *Baker v. McCollan, supra,* cannot find actions which rise to the level of a constitutional violation. Thus, this action is simply a state tort claim.

Since this is not a constitutional tort, it is then essential to determine whether the actions of the defendant were privileged and there is absolute immunity under the circumstances. There are two theories advanced by the defendants, either of which would serve to bar the plaintiff's action.

First, it has long been settled that federal employees and officers of the United States are entitled to absolute immunity from state common law torts arising from their actions which are within the outer perimeter of the employee's official duties or scope of authority. *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); *Plourde v. Ferguson*, 519 F.Supp. 14 (D.C.Md.1980). The immunity exists for federal officers where discretion is involved, and where the alleged tortious conduct is false arrest or imprisonment. *Galella v. Onassis*, 487 F.2d 986 (2nd Cir. 1973). Under the *Barr* doctrine, it is necessary to determine whether the actions of the defendants were within the outer perimeter of their duties.

During argument on April 30, 1982, the defendants submitted evidence that their job responsibilities included "preliminary investigation involving military and civilian personnel for the purposes of determining abuses of Naval Exchange privileges and the prevention of theft in this handling of Navy Exchange property." In addition, the defendants were "empowered to detain, apprehend, and take into custody persons suspected of crimes and offenses against the United States and to conduct searches of such persons as an incident to lawfully apprehending them, which may include a search of their persons, the clothing they are wearing, and property which, at the time of apprehension, is in their immediate possession and control." Defendants' Exhibit, Overmire 1. *See also* Defendants' Exhibits, Harrison 1, Johnson 1. The defendants are security personnel. Their duties necessarily include investigating suspected illegal acts committed against the Naval Exchange in addition to detaining and questioning the suspected violators. The Court finds that the evidence is uncontradicted that this is within the outer perimeter of their duties and that they are acting within the scope of their duties during detainment and questioning of the plaintiff.

Under the doctrine of *Barr, supra,* where the federal officer is acting within the scope of his duty, during an alleged state common law tort, a balancing test must be employed to determine the extent of immunity. That test weighs the relative merits of the need that the federal officers be free to exercise their duties unembarrassed by the fear of damage suits versus the right of the aggrieved party to a redress of wrongs. Clearly, it is within the scope of the defendants' job duties to apprehend the plaintiff where they suspected that she was acting in an unlawful manner contrary to the best interests of the Naval Exchange even where they may have been in error. There is no issue in this case of any prior malice on the part of the defendants in question or any other reason for their apprehension of the plaintiff other than the knowledge they obtained just prior to acting. The job responsibilities of the defendants cause them to be especially vulnerable to suits by all shoppers questioned or stopped. Were the defendants to be subject to such suits and therefore be required to scrutinize their actions as to po-

tential liability, it would severely hamper the performance of their duties in assuring the protection and security of U. S. Government property. The Court concedes that the plaintiff may be deprived of an opportunity to redress wrongs, however, it feels that is outweighed by the need for the Government to function effectively. *Plourde v. Ferguson*, 519 F.Supp. 14 (D.C. Md.1980). Therefore, the defendants are entitled to absolute immunity and the plaintiff's action is barred.

Second, if for any reason that absolute immunity under *Barr* would not apply, then the plaintiff's actions must fail because of the doctrine of inter-service immunity. *Feres v. U. S.*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). This rule applies regardless of whether the tort was based upon negligence or was an intentional tort. *Calhoun v. U. S.*, 475 F.Supp. 1 (S.D.Cal. 1977) *aff'd* 604 F.2d 647 (9th Cir. 1979). The rationale of the Court in *Feres* was that the inter-service suit would inhibit the maintenance of inter-service harmony and orderly conducting of military affairs. The only restriction on the doctrine is that the act complained of must have been incident to service. *Brooks v. U. S.*, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949); *Richardson v. U. S.*, 226 F.Supp. 49 (E.D.Va.1964).

The Fourth Circuit has applied the *Feres* doctrine in holding that active duty servicemen, in an off-duty status, injured while involved in recreational activities on a base, cannot sue the United States for the alleged negligence of its civilian employees. *Hass v. U. S.*, 518 F.2d 1138 (4th Cir. 1975). The court in *Hass, supra*, held that although the *Barr* test was not applicable in that instance because the civilian employee being sued was not exercising the type of discretionary activities envisioned by the Court in *Barr*, it would be ludicrous to find a civilian employee liable for actions for which his military supervisor would be immune from liability.

Thus, *Hass, supra*, held that where a civilian performed the alleged wrongs, he cannot be sued as he is cloaked with the immunity provided by *Feres, supra*, where he is working in a manner which is incident to the military service of which the plaintiff is a member.

In this case, there is no question that the plaintiff was acting incident to her service in the U. S. Navy. She claims that she was shopping at the Naval Exchanges at both Little Creek and Norfolk. There is no contest that the Naval Exchanges were for the benefit and use of service personnel, whether on active duty or retired, and their families. At the time of the alleged tortious acts, the plaintiff was on active duty and shopping incident thereto. Absent immunity, the Naval Officers in charge of the Exchange would have been responsible for the actions of the civilian security officers under the doctrine of *respondeat superior.*

In view of the foregoing, this Court holds that the defendants are immune from suit by the plaintiff under these circumstances and the defendants' motion for summary judgment is GRANTED. Judgment is entered for the defendants and the case is DISMISSED.

IT IS SO ORDERED.