819 F.2d 290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry TERRELL, Jr., Plaintiff-Appellant,
v.
CITY OF CLEVELAND; Theodore Budzik; William Hanton;
Samuel Mariani; State of Ohio and John Doe I-IV,
Defendants-Appellees.
 No. 86-3468.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1987.
 
 Before: MARTIN and MILBURN, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Harry Terrell was mistakenly arrested and detained by Cleveland police officers who sought a different Harry Terrell. Terrell filed a section 1983 action alleging deprivation of a liberty interest without due process of law under the fourteenth amendment and the district court granted summary judgment against him. Terrell also filed pendent state claims for false arrest, false imprisonment and defamation. The defendants in this case were the City of Cleveland, two of its police officers, and an Ohio state parole officer. We believe the district court correctly found that Terrell failed to meet the threshold requirement of a constitutional deprivation. We therefore affirm and do not reach any immunity issues.
 
 
 2
 In this unfortunate case of mistaken identity, the plaintiff, Harry Terrell, had the same name as a boxer sought by the Cleveland police for aggravated burglary, kidnapping and attempted murder. The two men were similar in appearance. Both were tall, black and weighed the same amount. The exception was that the Harry Terrell the police sought had scars and a mole on his face.
 
 
 3
 The Cleveland police detectives who sought Harry Terrell learned from the victim that his sister had also been assaulted by Terrell recently in Columbus, Ohio, and that Terrell was wanted by Columbus police. A Columbus detective verified this and informed the Cleveland detectives that Terrell had a parole officer in Cleveland named Samuel Mariani. Mariani informed them that he did have a parolee named Harry Terrell under his supervision who before his release had been imprisoned for armed robbery and had done some boxing. He told them that Terrell could be found at the Cooper School of Art in Cleveland. On March 11, 1981, the Cleveland officers went to the Cooper School of Art based on the outstanding warrants. There Terrell was called out of class and taken to the Dean's office where he was met, questioned, and then arrested by the two police officers, pursuant to valid warrants for Harry Terrell. He was detained at police headquarters for three to four hours until a witness was asked to identify him and stated that he was not the correct Harry Terrell, at which time he was released.
 
 
 4
 The district court found these circumstances to be insufficient o constitute a constitutional violation and dismissed based on the Supreme Court's statement in Baker v. McCollan, 443 U.S. 137 (1979), that where arrest and incarceration take place pursuant to a facially valid warrant executed against the person named, there is no due process violation even if a mistake occurs and the person arrested is not the person the authorities intended to arrest. 443 U.S. 137, 143. The Court said that a sheriff is not required by the Constitution to investigate independently every claim of innocence. 443 U.S. 137, 145-46. McCollan had remained in detention for three days rather than three hours that Terrell was held.
 
 
 5
 Here Terrell alleges that because the police officers had a photograph of the man they sought which disclosed some distinguishing characteristics, they had no probable cause to arrest him even with a valid warrant in his name.
 
 
 6
 We disagree. This same argument was rejected in the much more flagrant circumstances of Johnson v. Miller, 680 F.2d 39 (7th Cir. 1982). In that case the arresting officers had a description of the woman sought as a black female, five-foot seven. The woman they arrested was a white female, five-foot five. Though the court stated that the action of twice arresting ,the wrong woman was outrageous, it found the conduct fully actionable under state law and not under section 1983. 680 F.2d 39, 42.
 
 
 7
 Though the conduct of the arresting officers in Cleveland may have amounted to negligence, that is not the issue here. Plaintiff has not alleged a deficiency in the warrant for his arrest, and a facially valid warrant prevents Terrell from meeting the threshold requirement to prove a constitutional violation.
 
 
 8
 We find Terrell's second argument that he was not shown a warrant for his arrest not worthy of discussion.
 
 
 9
 We therefore affirm the judgment of the district court.