# CIRCUIT COURT OF THE CITY OF NORFOLK

Hagen L. Delk

v.

James A. Stone

April 28, 2000

Case No. CL99-1790

BY JUDGE MARC JACOBSON

Plaintiff Hagen L. Delk and Defendant James A. Stone were each operating a motor vehicle on or about May 27, 1994, on Virginia Avenue at the Norfolk Naval Base in the City of Norfolk, Virginia. The Plaintiff alleges that the Defendant negligently struck the vehicle operated by the Plaintiff and that, as a proximate result of the negligence, the Plaintiff sustained certain injuries and damages. Plaintiff instituted suit against Defendant as a result of the aforesaid accident and, in his Motion for Judgment, further alleged that the "plaintiff was covered as an insured under the uninsured motorist provision of a motor vehicle insurance policy issued by USAA Casualty Insurance Company" (USAA) and caused service to be made upon USAA pursuant to the Uninsured Motorist Act.

At the time of the accident, both Plaintiff and Defendant were members of the United States Navy and both were in uniform. At the time of the accident, Plaintiff was working on the Norfolk Naval Base at Ships Intermediate Maintenance Activity (SIMA) and Defendant was working and living on the *U.S.S. Yellowstone* which was docked at the Norfolk Naval Base. Both parties were leaving the Navy Exchange located on and at the Norfolk Naval Base when the collision and accident occurred.

Defendant has filed a Special Plea of Lack of Jurisdiction Based on Intramilitary Immunity Doctrine (*Feres v. United States*, 340 U.S. 135, 95 L. Ed. 152, 71 S. Ct. 153 (1950)). USAA has filed an Answer and Grounds of Defense and has also alleged in its Response to the Plaintiff's Memorandum

that "the immunity referred in Section § 38.2-2206 is not applicable to the *Feres* Doctrine." USAA has further alleged in its letter dated December 20, 1999, to this Court that the definition of "uninsured motor vehicle," in relation to immunity from liability for negligence, was not applicable nor in effect at the time of the accident, May 27, 1994, which is the subject matter of the Motion for Judgment and "accordingly, would not be applicable to the insurance contract in existence at the time of the accident."

In *Feres v. United States*, 340 U.S. 135, 95 L. Ed. 152, 71 S. Ct. 153 (1950), the United States Supreme Court addressed the issue of law "whether the Federal Tort Claims Act extends its remedy to one sustaining 'incident to the service' what under other circumstances would be an actionable wrong." *Id.* at 138. The Court concluded "that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service . . ." when such injuries result from the negligence of others in the service or armed forces.

In *Trerice v. Summons*, 755 F.2d 1081, 1084-85 (4th Cir. 1985), the United States Court of Appeals, Fourth Circuit, indicated that, under the facts of that case, "*Feres* itself is a bar to any common law tort claims . . ." and referred in that case to authority that "extended the *Feres* rationale to a serviceman's direct suit against other servicemen . . . thus . . . common law tort claims, both negligent and intentional, are barred under *Feres*."

The rationale underlying the *Feres* doctrine is threefold. First, the Court considered the "distinctly federal character of the relationship between the government and servicemen," 340 U.S. 135, 143, and specifically, the fact that the requirements of military duty place servicemen at a particular disadvantage in litigation. *Id.* at 145. Second, the federal compensation system provides a remedy for injured servicemen. *Id.* Third, consideration is given to the disruptive effect that lawsuits between servicemen would have on the effectiveness of the military. *Chappell v. Wallace*, 462 U.S. 296, 300, 76 L. Ed. 2d 586, 103 S. Ct. 2362 (1983).

The *Feres* doctrine has two requirements: that the parties to the case be servicemen and that the injuries arise out of activity incident to service. 340 U.S. 146. Both Plaintiff and Defendant were on active duty status in the Navy, thus satisfying the serviceman prong of the doctrine. The second prong of the *Feres* doctrine to be considered is whether the Plaintiff's injuries were sustained in the course of activity "incident to service." " 'Incident to service' is not, of course, a narrow term restricted to actual military operations such as field maneuvers or small arms instruction." *Hass v. United States*, 518 F.2d 1138, 1141 (1975). The "incident to service test" focuses on the activity of the plaintiff. The Fourth Circuit has adopted the Court's statement in *Feres* that,

"the common fact underlying the three cases is that each claimant, while on active duty and not on furlough, sustained injury due to negligence of others in the armed forces as the proper test of whether an injured serviceman's recovery under the Federal Tort Claims Act is barred. . . ." *Mariano v. United States*, 605 F.2d 721 (4th Cir. 1979).

In *Mariano*, the plaintiff was working at a noncommissioned officer's club, "in a civilian capacity," when he was struck by a glass thrown by another seaman. The Court's analysis focused on the activity of the plaintiff, not the defendant (the U.S. Government), at the time the plaintiff sustained his injury. This Court's analysis, like the Court of Appeals' analysis, should focus on the activity of the plaintiff in determining whether his conduct was incident to his service.

In *Stewart v. United States*, 90 F.3d 102 (4th Cir. 1996), two servicemen had an automobile accident on an Army base. Both men were on active duty status when the collision occurred. At the time of the accident, plaintiff was traveling from a mandatory exercise to his on-base residence to change before reporting to his next duty assignment. The other serviceman was driving to the machine gun range for mandatory training. The plaintiff sued the United States for injuries sustained in that collision. The Fourth Circuit stated:

> we have no difficulty concluding that Stewart's injuries arose from activity incident to service. "Clearly, the fact that [the plaintiff] was on the post and on his way to work was directly connected to [his] military service and the circumstances of the accident." . . . Even if we had any doubts on this score, they would be dispelled by our recognition that, in recent years the [Supreme] Court has embarked on a course dedicated to broadening the *Feres* doctrine to encompass, at a minimum, *all* injuries suffered by military personnel that are even remotely related to the individual's *status* as a member of the military. . . .

*Id.* at 105.

The fact that the plaintiff was on a personal errand does not change the fact that he was acting incident to service. The *Stewart* Court found that even if the plaintiff had been off duty for the day or on personal business, the *Feres* doctrine would apply. *Id.* at 105. The *Stewart* Court accepted the principle that "while on active duty and on the base, the [plaintiff] was still subject to all military regulations and discipline and was readily available for emergency service or temporary duties." *Id.* at 105.

Moreover, in *Stordahl v. Harrison*, 542 F. Supp. 721 (E.D. Va. 1982), the Court recognized that use of the Exchange is "for the benefit of Naval personnel . . . and their families who are entitled to use [the facility] as incident to their service." In *Stordahl*, the plaintiff, a service member, sued a civilian employee of the Exchange for unlawful confinement. The plaintiff was shopping at the Exchange while off duty, when a security guard detained her because she was suspected of tendering a bad check. The Court held that the *Feres* doctrine barred the case because both parties were deemed to be service members and the use of the Exchange was incident to plaintiff's service.

Plaintiff, in his Memorandum in Opposition to Defendant's Motion to Dismiss, relies primarily on the case of *Durant v. Neneman*, 884 F.2d 1350 (10th Cir. 1989). In *Durant*, the defendant, a serviceman, was driving on a military base to his duty station when he struck two other servicemen engaged in a physical training exercise on the military base. The Tenth Circuit Court of Appeals found that the defendant was not immune from liability because the act of driving to his duty station was not a military act. The Court's ruling was based on the rationale that cases in which liability is asserted against individual servicemen for acts committed within the context of military service are not true *Feres* doctrine cases.

The Fourth Circuit Court of Appeals cited the *Durant* case in the case of *Kenneally v. Bayer*, 769 F. Supp. 503 (D. Md. 1990). However, *Kenneally* is distinguishable because the Maryland District Court could not determine whether the parties were military personnel. The parties in *Kenneally* were fundamentally different from the parties in other *Feres* cases because they were off-duty members of the National Guard. This is a significant distinction because the National Guard is a part-time commitment. National Guardsmen are not required to relocate at the will of the military and they hold full-time civilian jobs. Thus, two rationales underlying the *Feres* doctrine, the uniquely federal relationship between service members and the fact that they qualify for statutory veteran's benefits, do not apply to members of the National Guard. In fact, the Court in *Kenneally* noted that the Justice Department stated that there was no Federal interest in cases arising in the context of the National Guard. *Kenneally*, 769 F. Supp. 505. Therefore, the *Kenneally* case is not an example of the Fourth Circuit's reasoning on the application of the *Feres* doctrine because the Court did not conclude that the parties were military personnel.

Further, *Durant* is distinguishable because it is a Tenth Circuit Court of Appeals case and the Fourth Circuit Court of Appeals has addressed the issue in cases with similar fact patterns and has consistently applied the *Feres*

analysis to cases where a defendant is a serviceman, not the Government. *Trerice v. Summons*, 755 F.2d 1081. Furthermore, the Fourth Circuit Court of Appeals has determined that the analysis turns on the actions of the plaintiff, not the defendant. *Mariano v. United States*, 605 F.2d 721.

For the reasons aforesaid, the instant action brought by Plaintiff by way of Motion for Judgment against the Defendant is barred under and by virtue of the lack of jurisdiction based on intramilitary immunity pursuant to the *Feres* doctrine.

Plaintiff, in his Memorandum in Opposition to Defendant's Motion to Dismiss, contends that, if Defendant is immune under Federal law, in this instance, the *Feres* doctrine, then the case should "proceed as an uninsured motorist case" and that Defendant should be nominally retained in the case in order that Plaintiff might proceed against USAA, the uninsured motorist carrier, pursuant to Va. Code Ann. § 38.2-2206.

Presumably by reference to Code § 38.2-2206 Plaintiff refers to § 38.2-2206(B), which sets forth the definition of "Uninsured motor vehicles." Said definition includes:

> (v) The owner or operator of the motor vehicle is immune from liability for negligence under the laws of the Commonwealth or the United States, in which case the provisions of subsection F shall apply and the action shall continue against the insurer . . . .

The accident or collision which is the subject matter of the Motion for Judgment filed herein by Plaintiff occurred on or about May 27, 1994.

The above quoted section (v) of the "Uninsured motor vehicle" definition set forth in § 38.2-2206 of the Code of Virginia (1950), as amended, was a 1997 amendment to Code § 38.2-2206. The aforesaid 1997 amendment to Section § 38.2-2206 would not be applicable to nor affect the insurance policy issued by USAA in effect on May 27, 1994, the date of the accident which is the subject matter of the instant Motion for Judgment. As stated in the case of *Virginia Farm Bureau Ins. Co. v. Travelers Indemnity Co.*, 242 Va. 203, 208, 408 S.E.2d 898, 901 (1991):

> There are two reasons why the 1988 statutory amendment [in the instant case the 1997 statutory amendment] would not affect these preexisting contractual rights. First, there is a presumption that a statute is intended to be prospective and not retrospective in operation. . . . Farm Bureau cites, and we find, nothing to indicate a retrospective legislative attempt.

Second, a legislative change in the contractually agreed order of priority of liability would impair the obligation of Farm Bureau's and the Travelers' insurance contracts in violation of Article 1, of the United States Constitution and Article 1, § 11, of the Constitution of Virginia . . . .

Accordingly, the aforesaid amendment in 1997 to the definition of "Uninsured motor vehicle" of Section § 38.2-2206 of the Code of Virginia (1950), as amended, (the above quoted (v) addition) was not applicable nor in effect at the time the accident that is the subject matter of the instant Motion for Judgment occurred, and, therefore, the vehicle operated by the Defendant at the time of the accident statutorily would not be defined as, nor considered, an "Uninsured motor vehicle." Thus, USAA is not a proper party in or under the subject proceedings and is dismissed as a party.