[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15505

_____

D. C. Docket No. 04-01701-CV-WSD-1

MARGARET CHAPMAN,

Plaintiff-Appellant,

versus

CITY OF ATLANTA, GEORGIA,
FULTON COUNTY, GEORGIA,

Defendants-Cross-Defendants-Appellees,

RICHARD PENNINGTON,
individually and in his official capacity
as Chief of Police, Atlanta, Georgia,
JOHN AND JANE DOE 1-5,

Defendants-Appellees,

DEKALB COUNTY, GEORGIA,
THOMAS E. BROWN,
individually and in his official capacity
as Sheriff of DeKalb County, Georgia,
JACQUELYN H. BARRETT, individually,
MYRON FREEMAN, in his official capacity,

Defendants-Cross-Claimants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(August 14, 2006)**

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

This case involves the mistaken arrest of Margaret Chapman pursuant to a valid warrant. The district court concluded that the differences between the description on the warrant and Chapman were sufficiently small that the mistaken arrest was not unreasonable in the totality of the circumstances. We AFFIRM.

## I. BACKGROUND

The facts necessary to the disposition of this appeal are not in dispute. On 27 September 2002, an arrest warrant was issued for "Margaret Irene Chapman." The warrant sought the arrest of a 5'4", 210 pound, black female. The warrant provided her social security number, birth date, and a street address without a city or zip code.

On 15 June 2003, at 8 P.M., Chapman was detained by customs officials at Hartsfield-Jackson International Airport. Chapman showed identification that

matched the description on the warrant, including full name, birth date, age, and sex. Chapman's social security number matches the warrant except that the first two numbers are transposed. The height on the warrant was an inch shorter than Chapman and the weight was 40 pounds heavier. The glaring inconsistency is that Chapman is white.

Chapman spent the following eighteen hours in the custody of Atlanta City Police, the Fulton County Jail, and the Dekalb County Jail. She alleges that she was handcuffed, strip searched, forced to use a nonprivate toilet, deprived of medications, forced to have blood drawn, and required to wear inmate's clothing. Chapman was released at noon on 16 July 2003. Dekalb County subsequently dismissed the warrant for Chapman's arrest, and it is undisputed that Chapman is not wanted in connection with the forgery that caused the warrant to issue in September 2002.

The district court granted summary judgment, concluding that in examining the totality of the circumstances, "the officers who mistakenly arrested Plaintiff made a reasonable mistake, and [they] committed no constitutional violation upon which to base a section 1983 constitutional false-arrest claim." R3-55 at 10 (citations and quotations omitted). On appeal, Chapman argues that a constitutional due process violation occurred because the officers should have

3

taken time to verify that she was the person sought by the warrant given the discrepancy between her race and that identified in the warrant.

## II. DISCUSSION

We review de novo the district court's order granting summary judgment, applying the same standards as the district court. Crosby v. Monroe County, 394 F.3d 1328, 1331–32 (11th Cir. 2004). Summary judgment is appropriate when the evidence demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c).

Our precedent governing mistaken arrests is Rodriguez v. Farrell, 280 F.3d 1341 (11th Cir. 2002). The cause of action for mistaken arrests sounds in the Fourth Amendment. Id. at 1346. In order to determine whether there was a constitutional violation, we must examine the totality of the circumstances to see whether the arrest was made pursuant to a reasonable mistake. Id. at 1347.

In this case, there was one significant difference between Chapman's characteristics and the description on the warrant: her race. The exact identity of full name and date of birth, strikingly similar physical description, and virtually identical social security number strongly suggest the reasonableness of the arrest.

4

In Rodriguez, we held that, in the face of many similarities, one material difference will not transform a reasonable arrest into an unreasonable one. Id. at 1347–48. That test governs here, and we conclude that, given the totality of the circumstances, Chapman's arrest was reasonable even in the face of an obvious racial discrepancy. See Johnson v. Miller, 680 F.2d 39, 42 (7th Cir. 1982) (concluding that the mistaken arrest of a white woman pursuant to an arrest warrant for a black woman did not violate the Constitution).

On appeal, Chapman asserts that her due process rights were violated because there was an "insufficient amount of due process . . . afforded to her before the decision . . . to hold [her] in custody" was made. Appellant's Br. at xiii. This claim is governed by Baker v. McCollan, 443 U.S. 137, 99 S. Ct. 2689 (1979). McCollan held that a person mistakenly arrested pursuant to a facially valid arrest warrant was not entitled to more process in the form of another hearing to determine whether there existed probable cause to detain the mistakenly arrested person pending trial. Id. at 143, 99 S. Ct. at 2694. This does not mean that a person claiming innocence could be held indefinitely, but a valid warrant does justify arrest and detention for some period of days. Id. at 144–45, 99 S. Ct. at 2694–95 (concluding that a detention for three days over a holiday weekend "does not and could not amount to [a constitutional] deprivation").

5

An official "executing an arrest warrant is [not] required by the Constitution to investigate independently every claim of innocence," even if "the claim is based on mistaken identity." Id. at 145–46, 99 S. Ct. at 2695. "Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim." Id. at 146, 99 S. Ct. at 2696. Because Chapman was arrested and held pursuant to a valid arrest warrant and because she was released from custody in less than 24 hours, she was not entitled to more process to review her claims of innocence in the face of the mistaken arrest.

## III. CONCLUSION

Chapman brought this § 1983 action because she was arrested pursuant to a valid warrant, but she did not commit the crime described in the warrant. Although Chapman was mistakenly arrested, the warrant's description of her was close enough that the totality of the circumstances require us to agree with the district court that there was no constitutional violation in her arrest or detention.

**AFFIRMED**.

6