NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 5, 2015
Decided August 21, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 14-3455

| | |
|---|---|
| TARNCHE HULL, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 C 1563 |
| CITY OF CHICAGO, *et al*. *Defendants-Appellees*. | Amy J. St. Eve, *Judge*. |

**O R D E R**

Tarnche Hull brought this civil-rights lawsuit after some Chicago police officers arrested him on a warrant that named his brother, Latoine Hull. Latoine had previously used Tarnche's name and social security number as an alias, and Tarnche had occasionally (though not recently) used Latoine's identity. Tarnche was detained for a little less than a week, but he was released after the mix-up came to light. He then sued the three responsible police officers and the City of Chicago under 42 U.S.C. § 1983, asserting claims of unreasonable seizure and detention in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution, and false imprisonment in violation of state law. The district court granted summary judgment in favor of the defendants on all

claims. We conclude that the undisputed facts show that the officers' mistaken identification was reasonable, and so we affirm the district court's judgment.

**I**

Because this appeal comes to us from a grant of summary judgment, we present the facts in the light most favorable to the opposing party, Tarnche. See *Schlemm v. Wall*, 784 F.3d 362, 364 (7th Cir. 2015). In October 2012 Chicago police officers Robert Brown and Armando Garza were patrolling a neighborhood on the southeast side of Chicago. They spotted a vehicle parked near a fire hydrant and approached it. Seated inside the car were Tarnche (in the passenger seat) and a different brother, Antoine (in the driver's seat). They asked Antoine to produce his license; he handed over instead an Illinois state identification card. Officer Brown then ordered the brothers out of the car and searched them. During the search, he found Tarnche's state ID card, which listed his name as "Tarnche B. Hull."

Brown then contacted a police dispatcher to check both names. The dispatcher replied that there was a "possible hit" for someone named *Latoine* E. Hull, that Latoine used several aliases, but that the officers should not "search, detain, or arrest based solely on" that record. Latoine was Antoine's twin and Tarnche's brother. A month earlier, Latoine had failed to appear for a court date, and so a state judge had issued a warrant for his arrest. The officers decided to allow Tarnche to leave the scene, but they arrested Antoine based on the warrant for Latoine. An hour later, they released Antoine when they determined that he was not the person named in the warrant.

Brown and Garza then returned to the police station, where they conducted additional computer searches for the two brothers they had encountered. Tarnche's criminal history contained no active arrest warrants, but it did show that he had used the alias "Latoine Hull" on two occasions long ago—one in 1997, and the other in 2004. Brown also pulled up on the computer the warrant for Latoine, along with the accompanying report. The report stated that the target used as aliases nine different names, ten birthdays, and two social security numbers. Two of those aliases were "Tarnche Hull" and "Tarnche B. Hull." Based on this research, Brown believed that Tarnche was the person described by the arrest warrant. Physical traits reinforced his view: the report indicated that the target was an African-American male; Tarnche's ID card said that he was 5'9", and his criminal-history report said that he weighed 185 pounds. (Tarnche later admitted that on the day of his arrest he weighed 169 pounds.)

Later that night Tarnche went to the police station to retrieve his ID card. When he arrived, Brown arrested him based on the warrant for Latoine, over Tarnche's repeated protests that there was no warrant for his arrest. Brown and Garza did, however, continue checking police records for the names Tarnche and Latoine Hull. They discovered that both the FBI number (a federally-assigned, unique identification number generated from a record based on a person's fingerprints) and state identification number (SID—a similar number issued by the state) on Tarnche's criminal-history report matched the FBI and SID numbers on the report accompanying the warrant for Latoine. In addition, the report with the warrant stated that the target had tattoos on his left and right arms and a scar near his left upper arm or back. The officers examined Tarnche and found similar identifying marks. The only difference was that unlike the target, Tarnche had only one, not three, tattoos on his left arm.

Once Tarnche was detained, Brown and Garza prepared an arrest report for him; that report was approved by Valery Roytman, the watch commander that evening. More than 24 hours after his arrest, Tarnche was transferred to the custody of the Cook County Sheriff. Four days later he was released when an assistant state's attorney realized the mistake and told a state judge that Tarnche was not the intended target of the warrant.

In the wake of these events, Tarnch sued unnamed police officers under 42 U.S.C. § 1983; he later amended his complaint to name Brown, Garza, Roytman, and the City. He alleged false arrest, unreasonable detention, and a failure on Roytman's part to verify the validity of the arrest warrant independently, all in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution. He also raised a supplemental state-law claim for false imprisonment.

The district court granted summary judgment for the defendants on all counts. It ruled that the arrest was lawful because the officers reasonably believed that Tarnche was the target of the arrest warrant, that his detention was reasonable and supported by probable cause, and that he could not prevail on his false-imprisonment claim because the officers did not act willfully or wantonly, as required under the state tort immunity act before local government employees may be found liable. Tarnche has appealed from all of these rulings.

**II**

Tarnche first asserts that the district court erred by concluding that his arrest was constitutional and that it was reasonable under the circumstances for the officers to

mistake him for Latoine. Essentially, he criticizes the officers for not doing more to make sure that they had the right man. He contends that because he was arrested in the "unusually controlled environment" of the police station, where the officers had access to computer resources that could prove that he was not the person named in the arrest warrant, the officers' mistake was not objectively reasonable.

Tarnche is asking more of the police than they are required to deliver. When police officers mistakenly arrest the wrong person based on a valid arrest warrant that is supported by probable cause (and no one doubts that the warrant for Latoine met those criteria), the arrest is constitutional as long as the mistake was reasonable. *Hill v. California,* 401 U.S. 797, 802 (1971); *Catlin v. City of Wheaton*, 574 F.3d 361, 365 (7th Cir. 2009); *Rodriguez v. Farrell*, 280 F.3d 1341, 1345–46 (11th Cir. 2002). A mistake in identifying the target of a warrant may be reasonable even when the arrestee has a name and physical characteristics different from those of the real target. See *Catlin*, 574 F.3d at 365 n.4 (reasonable mistake to arrest person having different name from target's but of similar age, height, weight, when arrestee was driving similar motorcycle in area where target was expected to be found); *Tibbs v. City of Chi.*, 469 F.3d 661, 664 (7th Cir. 2006) (reasonable mistake to arrest person having same name, race, sex as target of warrant but different middle initials and 6-year age difference); *Brown v. Patterson*, 823 F.2d 167, 168–70 (7th Cir. 1987) (affirming dismissal for failure to state a claim of unlawful arrest when officer arrested man whose name was the same as an alias used by the target); *Johnson v. Miller*, 680 F.2d 39, 40–41 (7th Cir. 1982) (affirming dismissal for failure to state a claim where officers arrested woman with same name but different race as target of warrant).

Brown and Garza had a valid warrant for Latoine, and Latoine had previously used Tarnche's name, birthday, and social security number as an alias. Additionally, the brothers resembled each other, even if they were not carbon copies: they were the same race and height (5'9"), their weights were similar (165 and 169 pounds), and their hair and eye colors (black, brown) matched. This was enough to support the reasonableness of the arrest. The City also stresses the fact that *after* the arrest, the officers confirmed that the FBI and SID numbers listed for Latoine in the warrant matched the numbers on Tarnche's criminal-history report. We do not rely, however, on this after-acquired information.

As we noted, Tarnche urges that the arrest could not have been reasonable based only on the superficial investigation that the officers conducted. He insists that if the officers had looked closely at his and his brothers' criminal-history reports, they would

have seen that the arrest that precipitated the issuance of the warrant for Latoine's failure to appear did not show up on Tarnche's record. But once an officer establishes probable cause to arrest, she has no constitutional duty to seek out exculpatory evidence or to investigate further. See *Baker v. McCollan*, 443 U.S. 137, 145–46 (1979); *Matthews v. City of East St. Louis*, 675 F.3d 703, 707 (7th Cir. 2012); *Tibbs*, 469 F.3d at 665.

Tarnche finally argues that the district court should not have granted summary judgment on his state-law false-imprisonment claim because he presented evidence that Brown, Garza, and Roytman intentionally and willfully arrested him despite knowing that he was not the target of the warrant. In order to show that their actions were "willful and wanton," Tarnche points to Brown's use of profanity and threats when Tarnche told him that he was not the right person. But probable cause is an absolute bar to a claim of false imprisonment, see *Hawkins v. Mitchell*, 756 F.3d 983, 994 (7th Cir. 2014); *Poris v. Lake Holiday Prop. Owners Ass'n*, 983 N.E.2d 993, 1007 (Ill. 2013), and here, as we already have indicated, the police had probable cause to believe that Tarnche was Latoine.

Because the undisputed facts thus show that Officers Brown and Garza made a reasonable mistake by arresting Tarnche on the basis of the warrant for Latoine, and the rest of Tarnche's arguments cannot succeed when that is the case, we AFFIRM the judgment of the district court.